1

2

The Honorable Kymberly K. Evanson

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9    FOR THE WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

10

11   DENTAL HEALTH SERVICES, INC., a          NO.    2:23-CV-00383-KKE
     Washington Corporation, DENTAL HEALTH
12   SERVICES, a California Corporation, and         **DECLARATION OF CHRIS**
     DENTAL HEALTH SERVICES AMERICA, a          **LINDEMEIER IN SUPPORT OF**
13   California Corporation,                         **DEFENDANT TOBY MILLER'S**
                                                     **OPPOSITION TO PLAINTIFFS'**
14              Plaintiffs,                           **MOTION TO CONTINUE TRIAL**
                                                     **DATE AND RELATED DEADLINES**
15         v.

16
     TOBY MILLER, an individual, JOSH NACE,
17   an individual, and DOES 1 through 50,
     inclusive,
18
                Defendants.
19

20

21         I, CHRIS LINDEMEIER, hereby state and declare as follows under penalty of perjury:

22         1.      I am an attorney with the law firm Savitt Bruce & Willey LLP and I, along with

23   James Savitt, am counsel of record for Ms. Toby Miller in this case.  I am competent to testify

24   herein, and make this declaration based on my personal knowledge and my knowledge of the

25   pertinent files and records.

26         2.      On April 11, 2023, shortly after the Court denied Plaintiffs' (herein, "DHS")

27   motions for temporary restraining order and for expedited discovery (Dkt. 37), Mr. Savitt sent a

DECLARATION OF CHRIS LINDEMEIER - 1                    **SAVITT BRUCE & WILLEY LLP**
2:23-CV-00383-KKE                                      1425 Fourth Avenue Suite 800
                                                       Seattle, Washington  98101-2272
                                                       (206) 749-0500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

letter to counsel for DHS, Mr. Mathew Harrington, a true and correct copy of which, excluding the enclosure, is attached hereto as **Exhibit A**.  Among other things, and while reserving all rights and remedies, Mr. Savitt requested that DHS dismiss its complaint against Ms. Miller forthwith, to mitigate the damage and injury (including attorneys' fees and other costs and expenses) to her caused by DHS's wrongful prosecution of claims without any reasonable basis.  Neither Mr. Harrington nor any other representative of DHS responded to that letter.

3.      On May 2, 2023, the parties exchanged initial disclosures in accordance with the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement entered on March 21, 2023 (Dkt. 23).

### DHS's Response To Discovery

4.      On April 19, 2023, Miller served interrogatories, requests for production and requests for inspection on DHS.  The requests sought information underlying DHS's allegations, including (a) what trade secrets it contends Miller misappropriated or threatens to misappropriate and (ii) what confidential or proprietary information it contends Miller disclosed or threatens to disclose.  *See* Ex. B at 2-4; 11.

5.      On May 30, 2023, DHS served its responses to Miller's written discovery requests, a true and correct copy of which is attached hereto as **Exhibit B.**  DHS's answers to interrogatories essentially restated allegations in the Complaint or TRO filings, and failed to identify any trade secret it alleges was stolen or to identify any wrongful act by Miller.  *See, e.g.*, Ex. B at 3-5.  DHS produced only eight documents.  I held a meet and confer with Mr. Harrington on June 27, 2023 and followed up thereafter to obtain from DHS answers to interrogatories and document production in compliance with its discovery obligations.  When asked to confirm in writing DHS's positions regarding its interrogatory answers, DHS was vague and evasive about the extent to which it would supplement its interrogatories.  As of today, DHS has still not supplemented its interrogatory answers and the alleged trade secret and confidential information at issue remains a mystery.

DECLARATION OF CHRIS LINDEMEIER - 2
2:23-CV-00383-KKE

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

6.      As of November 19, 2023, DHS had produced only 13 documents comprised of 58 pages in response to Defendants' discovery requests, which appear to be mostly documents from Ms. Miller's and Mr. Nace's employee files.  DHS initially asserted that the absence of a protective order and ESI protocol impeded its document production efforts.  On June 22, 2023, I addressed DHS's confidentiality concerns by offering to agree to a confidentiality regime pending entry of a protective order and advised DHS that the lack of an ESI protocol did not preclude it from undertaking document production efforts and from providing adequate answers to interrogatories.  DHS rejected that and produced only five additional documents on August 4, 2023.  Although the stipulated protective order was entered by the Court on August 9, 2023 (Dkt. 42), DHS did not produce any other documents prior to the afternoon of November 20, 2023.[1]

7.      Attached hereto as **Exhibit C** is a true and correct copy of a chain of emails between myself, Mr. Harrington and other counsel for DHS (including Justo Gonzalez), and counsel for Nace, Ms. Annie Reuben, which begins on June 27, 2023 and ends on October 31, 2023.

8.      Attached hereto as **Exhibit D** is a true and correct copy of Defendants' comments to a proposed ESI order as of August 7, 2023, which I emailed to DHS counsel and Ms. Reuben on that day. *See also* Ex. C at 11.

9.      By August 17, 2023, the parties had reached agreement on all but two points of the proposed order for the discovery of ESI.  Ex. C at 10; *see also* Ex. D at 4; 8-9.

10.     The two points of impasse on the ESI order were: (a) whether the ESI search methodology provisions should include a threshold number of hits that is presumptively overbroad (a provision proposed by DHS); and (b) whether the privilege provisions should include two exceptions to the requirement that post-filing privileged and work-product material need not be included on privilege logs (which we proposed on behalf of Ms. Miller for Mr.

---

[1] The afternoon of November 20, 2023, DHS sent an email accompanied by what appears to be a production.  Its scope is unclear from the communication, and we have not had opportunity to review the materials.

DECLARATION OF CHRIS LINDEMEIER - 3
2:23-CV-00383-KKE

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1
2  Harrington's March 22, 2023 declaration filed in connection with DHS's motion for TRO, and
3  DHS's response to Mr. Savitt's April 11, 2023 request that Ms. Miller be dismissed (*see* ¶ 2,
4  above).  Ex. C at 9-10; Ex. D at 4; 8-9.
5        11.     On August 22, 2023, I wrote to Mr. Gonzalez:
6
       It appears we are at impasse on the ESI Order.  If you wish to agree on
7      what we can while reserving rights on the rest, that is ok.  But in all events
       our impasse on the ESI Order is not in any manner an excuse for DHS's
8      failure to produce documents in this case.  *See e.g., Albert v. Lab. Corp. of
       Am.*, 536 F. Supp. 3d 798, 800 (W.D. Wash. 2020) ("Simply put, the
9      obligation to respond to discovery requests is not supplanted by the ESI
       Agreement. The ESI Agreement is one tool to help the parties identify
10     relevant, responsive information that has been stored electronically and is
       proportional to the needs of the case.")
11
       You had asserted that DHS's failure to produce documents and
12     information responsive to Ms. Miller's discovery was excused because the
       parties had not agreed upon a confidentiality protective order.  We
13     disagreed, and continue to disagree with that, but the parties agreed on the
       order weeks ago and the court entered it on August 9, 2023.  But still DHS
14     has not produced documents or supplemented its interrogatory
15     answers.  This is not good faith discovery and Ms. Miller reserves all
       rights.  Likewise, Ms. Miller reserves all rights relating to the numerous
16     deficiencies in what DHS has produced; we will follow up further on those
       issues.
17
       Does DHS intend to produce anything more or to provide any further
18     answers to interrogatories?  If so, why haven't documents been produced
19     and answers supplemented?  If you intend to provide additional discovery,
       what precisely does DHS intend to produce and to supplement, and when
20     will that happen?
21  Ex. C at 9-10.
22        12.     Counsel for DHS did not respond to the proposal regarding the ESI order "to
23  agree on what [the parties] [could] while reserving rights on the rest" or the authority cited in
24  my August 22, 2023 email.  *Id.* at 8-9.
25        13.     Thereafter and through early November, I made numerous inquiries to DHS's
26  counsel as to whether DHS intended to produce any more documents or provide further
27  answers to interrogatories and, if so, what did it intend to provide and when.  *Id.*, Ex. C at 9

DECLARATION OF CHRIS LINDEMEIER - 4
2:23-CV-00383-KKE

(Sept. 6); at 5 (Oct. 4 and 9); at 3 (Oct. 23); at 1 (Oct. 31); *see also* **Exhibit E** (a true and correct copy of an October 4, 2023 letter from me to Mr. Harrington); **Exhibit F** (a true and correct copy of excerpts of a chain of emails between myself, Mr. Harrington and other counsel for DHS, and Ms. Reuben, which begins on June 27, 2023 and ends on November 7, 2023) at 1 (Nov. 7).

14.     To date, DHS has provided only a vague estimate of when some (but not all) additional documents would be produced ("within a matter of weeks") and that it "expect[s]" but cannot be certain that it will supplement its written discovery responses by December 1. Dkt. 46-2 at 2.

**Discovery Propounded By DHS**

15.     On June 15, 2023, DHS served interrogatories and requests for production on Ms. Miller, and also served a set of interrogatories and requests for production on Defendant Josh Nace.

16.     Ms. Miller promptly provided her discovery responses and, notwithstanding the absence of an ESI order, undertook significant and expensive efforts to search for and produce, in a defensible and forensically-sound manner, over 3,100 pages.  Document productions on Ms. Miller's behalf were made on July 17 and September 8; the bulk of her production (over 3,000 pages) was made on September 29; and she produced a small remainder (28 pages) on October 9.  Attached hereto as **Exhibit G** are true and correct copies of each letter from me to Mr. Harrington providing Ms. Miller's productions of documents.

17.     DHS has not taken issue with any of Ms. Miller's discovery responses or her document production.

18.     On August 9, 2023, DHS served its notice of intent to serve subpoenas duces tecum on (a) Health Resources, Inc. d/b/a Paramount Dental ("Paramount"; Mr. Nace's current employer); (b) Dominion National (Ms. Miller's current employer); and (c) Walker Insurance Solutions.  DHS's notices stated that it would serve the subpoenas on those parties on or after

DECLARATION OF CHRIS LINDEMEIER - 5
2:23-CV-00383-KKE

August 14, 2023.  DHS's subpoenas requested that each of the third parties produce documents by August 28, 2023, four days after the August 24, 2023 deadline for joining additional parties and filing amended pleadings (Dkt. 40).

**Depositions**

19.     DHS has not noticed or otherwise sought to take any deposition in this case. Defendants, on the other hand, have pursued the depositions of DHS's two key witnesses: (1) Ms. Theresa Neibert, DHS's Vice President and Chief Enterprise Risk Management Officer; and (2) Mr. Gary Pernell, DHS's President and CEO.

20.     Defendant Nace first issued notices of the deposition for Ms. Neibert and Mr. Pernell on June 12, 2023, which set their depositions for July 27 and July 28, 2023, respectively.  DHS initially asserted no objection to the dates. On July 9, Mr. Harrington advised that the witnesses "would be available in the latter half of August, preferably August 21-30." Ex. C at 13.

21.     On July 25, Defendants issued notices of deposition for Mr. Pernell's deposition on September 7 and 8 and Ms. Neibert's deposition on September 12 and 13 (one day for each Defendant).  Thereafter, on August 25, Ms. Reuben advised that unforeseen conflicts arose on the dates Ms. Neibert and Mr. Pernell were to be deposed on Nace's behalf.  DHS's counsel, Mr. Gonzalez, promised further dates on August 28.  On September 6, having heard nothing, I followed up with Mr. Gonzalez requesting dates and advised that we would select dates if none were offered.  Ex. C at 9.  None were offered.

22.     In mid-September, Defendants re-noted the depositions for October 10 and 11 (Pernell) and October 12 and 13 (Neibert).  I confirmed to Mr. Gonzalez, in response to his inquiry, that the dates worked for both Defendants.  Ex. C at 8.  He did not suggest there was any issue with the dates.  *Id.* at 7-8.  To the contrary, he responded simply by saying, "Excellent, thanks."  *Id.* at 7.

DECLARATION OF CHRIS LINDEMEIER - 6
2:23-CV-00383-KKE

23.     On September 28, 2023, DHS advised for the first time that Pernell was "dealing with a health issue which has caused some difficulties, and we are not able to offer dates for him at this time, nor go forward on the noted date.  I hope to know more by early next week." *Id.*  In addition, DHS apparently was no longer able to offer Ms. Neibert for deposition on the dates it had confirmed she could be deposed (October 12 and 13), and instead offered her deposition on October 9 and 11.  *Id.*  Nace's counsel, while available to depose Ms. Neibert on the noticed date, was unavailable to depose her on the new, alternative date offered.  *Id.* at 6. Mr. Savitt was available to depose Ms. Neibert on October 11 and he advised counsel on September 29 that we would proceed on that revised date.

24.     In my October 4, 2023 letter to Mr. Harrington, I stated: "In the hopes of avoiding a second deposition of Ms. Neibert, we ask that DHS please produce all responsive, non-privileged documents by October 6, 2023."  Ex. E at 2.  DHS did not produce any other documents.

25.     Attached hereto as **Exhibit H** is a true and correct copy of excerpts from Ms. Neibert's deposition taken by Ms. Miller on October 11, 2023.

26.     As indicated in my October 4, 2023 letter, we were also concerned about the indefinite delay of Mr. Pernell's deposition, after it had already been delayed twice, especially considering the January 5, 2024 discovery cutoff and the December 6, 2023 discovery motion cutoff.  Ex. E at 2.  I requested that DHS "provide additional detail regarding Mr. Pernell's health issue, how it affects his ability to testify, and when he will be available to sit for his deposition."  *Id.*

27.     I asked again for an explanation and about Pernell's deposition availability on October 9, 23, 25 (requesting a meet and confer), 26 (same), and 31.  Ex. C at 5, 3, 2, 1.  Nace's counsel followed up as well.  Ex. F at 5 (Oct. 31: "Can you please provide an update on [Pernell's] availability[?]").

DECLARATION OF CHRIS LINDEMEIER - 7
2:23-CV-00383-KKE

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

28.     In response to the inquiries, DHS's counsel periodically indicated that an update or other response would be forthcoming, but none was.  *See, e.g.*, Ex. C at 4 (Oct. 10: "I am in receipt of your request about Mr. Pernell's availability and hope to have an update for you tomorrow."); at 2 (Oct. 25: "I will have a response on these various matters for you by end of day Friday.").

29.     Finally, on October 27, Mr. Harrington advised that Mr. Pernell could be deposed for no more than two hours on December 12 and then for a full day in January, after the discovery cutoff.  *Id.* at 1.  But DHS refused to provide information or explanation about Mr. Pernell's health issue during the meet and confers held on October 27 and November 6.  *Id.*; Ex. F at 1.

30.     On November 15, 2023, I advised Mr. Harrington that we would proceed to start the deposition of Mr. Pernell on December 12, consistent with his offer but subject to a reservation of all rights, including to move to compel Mr. Pernell's appearance.

**<u>DHS's Request For A Continuance</u>**

31.     Mr. Harrington first mentioned a potential continuance of case deadlines on October 27, 2023.  In the parties' November 6 meet and confer, Mr. Harrington cited Mr. Pernell's availability, DHS's concerns with Mr. Nace's production, and DHS's need for additional time to produce documents as the reasons why an extension of the case schedule was necessary.  None of the other reasons cited in DHS's motion were mentioned as reasons why a continuance was, in DHS's view, necessary and warranted.

32.     Although DHS still has not completed its document production and it remains unknown when it will, and although it is delaying Mr. Pernell's full deposition until mid-January and after the discovery cutoff, Ms. Miller wishes to keep the case on schedule (even if now compressed) towards resolution.  On November 6, 2023, I therefore advised Mr. Harrington that Ms. Miller opposed a continuance.  Ex. F at 2.

DECLARATION OF CHRIS LINDEMEIER - 8
2:23-CV-00383-KKE

1
2

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

3

Executed this 20th day of November, 2023.

4
5

*s/ Chris Lindemeier*
Chris Lindemeier

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

### CERTIFICATE OF SERVICE

3
        The undersigned hereby certifies that, on November 20, 2023, I electronically filed the

4
foregoing document with the Clerk of the Court using the CM/ECF system which will send

5
notification of such filing to all counsel of record.

6
        I declare under penalty of perjury under the laws of the United States of America that

7
the foregoing is true and correct.

8
        EXECUTED this 20th day of November, 2023 at Seattle, Washington.

9

10                                                     _____
11                                                     **Eric Yocom**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500