The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DENTAL HEALTH SERVICES, INC., a
Washington Corporation, DENTAL HEALTH
SERVICES, a California Corporation, and
DENTAL HEALTH SERVICES AMERICA, a
California Corporation,

Plaintiffs,

v.

TOBY MILLER, an individual, JOSH NACE,
an individual, and DOES 1 through 50,
inclusive,

Defendants.

Case No. 2:23-CV-00383-KKE

**DECLARATION OF
JAMES P. SAVITT**

I, JAMES P. SAVITT, hereby state and declare as follows under penalty of perjury:

1.    I am a director with the law firm of Fennemore Craig, P.C. and I, along with my
colleague Chris Lindemeier, am counsel of record for Ms. Toby Miller in this case.  I am
competent to testify, and make this declaration based on my personal knowledge.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the transcript of the
December 12, 2023 hearing held by this Court on DHS's Motion to Continue Trial Date and
Related Deadlines.

3.    Attached hereto as **Exhibit B** is a true and correct copy of a chain of emails
between myself, Mr. Lindemeier; Mr. Harrington and Justo Gonzalez of Stokes Lawrence, P.S.

DECLARATION OF JAMES P. SAVITT - 1

FENNEMORE CRAIG, P.C.
Attorneys at Law
1425 Fourth Avenue
Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

(counsel for DHS until Stokes Lawrence's withdrawal on January 11, 2024 (Dkt. 60)); Jeremy Roller (new counsel for DHS as of January 9, 2024 (Dkt. 59)); and Ms. Annie Reuben, counsel for Defendant Josh Nace, among others, which begins on December 5, 2023 and ends on January 17, 2024.

4.      On December 18, 2023, my firm offered January 22 and 26, 2024 to DHS for its deposition of Ms. Miller.  Ex. B at 10.  Thereafter, DHS did not confirm those dates or otherwise make an effort to schedule her deposition.  *Id.* at 1-9.

5.      As of January 23, 2024:

a.      Ms. Miller's deposition was not scheduled; nor had DHS issued any amended notice in an effort to schedule her deposition.

b.      Although my firm had offered multiple proposed dates and we'd followed up on multiple occasions through December and January (*see* Ex. B at 1-12), DHS had not provided dates for the depositions of (i) Miller's Rule 30(b)(6) deposition of DHS; or (ii) Miller's deposition of DHS's Gary Pernell.  (Ms. Miller was also seeking dates for the deposition of Mr. Harrington and to conclude the deposition of Ms. Theresa Neibert during this time and those depositions had not been scheduled either.)

c.      DHS had not (and still has not) provided supplemental responses to Ms. Miller's discovery requests providing any detail of the alleged trade secrets or misappropriation, despite its initial promise that those would be provided on December 5, 2023 (they were not), and its subsequent promise to the Court that they would be complete by December 18, 2023 (they were not), and despite my firm's repeated follow ups to obtain those (*see* Ex. B at 3-6).

6.      On January 23, 2024, new counsel for DHS, Mr. Roller, advised via email that DHS wished to nonsuit its case as to Ms. Miller.  Mr. Roller inquired as to whether Ms. Miller would stipulate to a dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

7.      The following day, I responded to Mr. Roller advising that Ms. Miller would

DECLARATION OF JAMES P. SAVITT - 2

FENNEMORE CRAIG, P.C.
Attorneys at Law
1425 Fourth Avenue
Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

stipulate to a dismissal of the claims against Ms. Miller with prejudice, provided the stipulation was clear that the dismissal is without prejudice to addressing claims for attorneys' fees and that the court retains jurisdiction to address such claims.  That afternoon, Mr. Roller replied, in pertinent part, that DHS would not stipulate to dismissal with prejudice.

8.      Attached hereto as **Exhibit C** is a true and correct copy of a letter dated April 12, 2023 from Mr. Lindemeier to initial counsel for DHS, Mr. Harrington, which confirms Stokes Lawrence's receipt, on behalf of Plaintiffs, from my office of a Microsoft Surface Book laptop issued to Ms. Miller by DHS.

9.      The initial case schedule set November 6, 2023 as the deadline for disclosing expert testimony under Federal Rule of Civil Procedure 26(a)(2).  Dkt. 40.  DHS did not disclose any expert testimony then and has not disclosed any since.

10.      In his declaration dated November 20, 2023, Mr. Lindemeier stated that "DHS has not taken issue with any of Ms. Miller's discovery responses or her document production." Dkt. 51 at ¶ 17.  That statement remains true today.  Additionally, DHS did not pursue forensic inspection of Miller's personal devices.

11.      As Mr. Lindemeier states in his November 20, 2023 declaration, as of November 19, 2023, DHS had produced only 13 documents.  Dkt. 51 at ¶ 6.  DHS made additional document productions on November 20 and December 18, 2023.  DHS never produced an image file or other records from a forensic examination of the Microsoft Surface Book laptop provided to DHS counsel in April 2023.

12.      Ms. Neibert, however, did testify that she had received confirmation that DHS's analysis of the laptop did not reveal evidence that information had been taken or misused by Ms. Miller.  Attached hereto as **Exhibit D** is a true and correct copy of additional excerpts from Ms. Neibert's deposition taken on October 11, 2023, in addition to those included with Mr. Lindemeier's declaration dated November 20, 2023 (Dkt. 51).  *See* pp. 110:3-111:15.

//

DECLARATION OF JAMES P. SAVITT - 3

FENNEMORE CRAIG, P.C.
Attorneys at Law
1425 Fourth Avenue
Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

2

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

3

Executed this 12th day of February, 2024, at Seattle, Washington.

4

5

 _/s/ James P. Savitt_

6

James P. Savitt

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF JAMES P. SAVITT - 4

FENNEMORE CRAIG, P.C.
Attorneys at Law
1425 Fourth Avenue
Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

DENTAL HEALTH SERVICES, INC., a    )
Washington Corporation, DENTAL     )
HEALTH SERVICES, a California      )
Corporation, and DENTAL HEALTH     ) CASE NO. CV23-0383-KKE
SERVICES AMERICA, a                )
California Corporation,            ) Seattle, Washington
                                   )
                Plaintiffs,        ) December 12, 2023
v.                                 ) 1:30 p.m.
                                   )
TOBY MILLER, an individual, JOSH   ) Motion Hearing
NACE, an individual, and DOES 1    )
through 50, inclusive,             ) via Zoom
                                   )
                Defendants.        )
_____

                 VERBATIM REPORT OF PROCEEDINGS
           BEFORE THE HONORABLE KYMBERLY K. EVANSON
                 UNITED STATES DISTRICT JUDGE
_____
```

**APPEARANCES:**

For the Plaintiffs:        MATHEW L. HARRINGTON
                           JUSTO GONZALEZ
                           Stokes Lawrence, PS
                           1420 Fifth Avenue, Suite 3000
                           Seattle, WA 98101-2393

For the Defendant          JAMES P. SAVITT
Toby Miller:               Savitt, Bruce & Willey, LLP
                           1425 Fourth Avenue, Suite 800
                           Seattle, WA 98101-2272

For the Defendant          ANNE E. REUBEN
Josh Nace:                 Littler Mendelson, PC
                           One Union Square
                           600 University Street, Suite 3200
                           Seattle, WA 98101-3122

Reported by:               MARCI E.C. CHATELAIN, CCR, RPR, RMR,
                           CRR, Federal Court Reporter
                           700 Stewart Street, Suite 17205
                           Seattle, WA 98101
                           marci_chatelain@wawd.uscourts.gov

December 12, 2023          2

|   |   |
|---|---|
|   | PROCEEDINGS |

1          PROCEEDINGS

2 _____

3          THE CLERK:  Howdy, Judge.

4          Please come to attention.  The United States District Court

13:33:30    5  for the Western District of Washington is now in session, the

6  Honorable Judge Kymberly K. Evanson presiding.

7          Now calling case C23-0383, assigned to this Court, Dental

8  Health Services, Inc., et al., versus Miller, et al.

9          May I have appearances, please, starting with plaintiffs'

13:33:52   10  counsel.

11          MR. HARRINGTON:  Thank you.

12          Matt Harrington of Stokes Lawrence on behalf of the

13  plaintiff Dental Health Services.

14          MR. GONZALEZ:  And good afternoon, Justo Gonzalez of

13:34:07   15  Stokes Lawrence for the plaintiffs.

16          MS. REUBEN:  Good afternoon.  This is Anne E. Reuben

17  with Littler Mendelson on behalf of defendant Josh Nace.

18          MR. SAVITT:  And good afternoon, Your Honor, James

19  Savitt for defendant Toby Miller.

13:34:21   20          And I should say that Ms. Miller is here with me in the

21  room, as is my colleague Chris Lindemeier, but they're off

22  camera.

23          THE COURT:  Good afternoon, Counsel.

24          Thank you for everyone making yourselves available for what

13:34:36   25  I hope will be just a brief discussion this afternoon about how

1    we can get this case moving and on track.

2        We've got a motion from Dental Health Services to extend

3    the trial date.  And I wanted to give the parties an opportunity

4    to talk about that, talk about where things are.

13:34:55   5        I understand we received a declaration today regarding the

6    health of Mr. Pernell and how that has complicated some

7    scheduling in this matter.

8        So I would like to go ahead and hear from Dental Health

9    Services to start.

13:35:10  10        And I will tell you, I'm not inclined to kick this trial

11   out for four months at this point, largely because it seems like

12   a lot of the delay has been occasioned by the plaintiffs in this

13   matter.  You know, there was an expedited trial that was

14   requested, expedited discovery, which was granted, you got the

13:35:28  15   trial date you wanted, but it just seems like a lot has not

16   moved forward.

17        So if I'm wrong about that, I welcome you to tell me.  And

18   I hope that we can have a productive scheduling conversation

19   that results in a schedule the parties can meet and move

13:35:49  20   forward.

21        So go ahead, I believe, Mr. Harrington or Mr. Gonzalez for

22   the plaintiff.

23            MR. HARRINGTON:  Thank you, Your Honor.  I'll be

24   addressing the Court on behalf Dental Health Services.

13:35:59  25        So as the former employer in a trade secret

December 12, 2023    4

1   misappropriation case, we are playing catchup on the full extent

2   of activity constituting our former employees' use of

3   proprietary information.

4       And despite the information disadvantage, we've only

13:36:15   5   recently discovered through third-party conduct providing a

6   basis for adding at least one defendant and pursuing additional

7   discovery that was requested and not yet disclosed.  That's the

8   first reason that provides good cause for a continuance here of

9   deadlines.

13:36:33   10      There have also been delays in discovery on all sides,

11   including a supplement from Mr. Nace and Paramount, who are both

12   represented by the same counsel, which was promised on December

13   1st.

14      We noted in our reply brief that even if we received these

13:36:51   15   crucial documents relating to the core allegations in this case

16   by the promised date of December 1st, that still would make it

17   very impractical to meet remaining deadlines.  And we have not

18   received that supplement as we sit here today.

19      The documents are at the core of the allegations.  They

13:37:13   20   concern the disclosure of trade secrets to Mr. Walker by Mr.

21   Nace and their communications.  It is apparent that not all

22   documents have been produced by Mr. Nace or his employer, even

23   if you grant that it was proper for Mr. Nace not to produce

24   these documents himself and contend that his employer's -- you

13:37:36   25   know, his e-mail with his employer is outside his control.

1      And so we find ourselves in a situation where, admittedly,

2  there is delay on all sides, but the -- but Dental Health

3  Services simply cannot complete what needs to be done here, and

4  there is good cause for that reason as well.

5      As I mentioned, this discovery, much of which we received

6  in -- through third-party subpoenas in October, has revealed

7  that this agent and Mr. Nace were in close coordination with one

8  another regarding the very issues in -- that raised DHS's

9  suspicion.

10     And within the last two weeks, we, in fact, have learned

11 that DHS has lost this customer that's at issue.  And so key

12 facts continue to develop in real time and are going to require

13 additional work on all sides.

14     We have also filed the declaration of Gary Pernell that

15 Your Honor notes, which lays out the challenges that he has

16 faced this fall.

17     I would note that we offered Mr. Pernell for deposition in

18 the latter part of August, and defendants elected to seek to

19 depose him in October, that was fine, but by that time, he was

20 dealing with his medical condition.

21     These issues don't just go to the scheduling of his

22 deposition, however; it's also impeded DHS's ability to

23 prosecute this case and add -- that adds additional good cause

24 for a continuance.

25     And I would also say -- let's see, we've covered that there

1    were documents Mr. Walker produced that Nace did not, that there

2    is a -- still a missing supplement.

3         It is apparent from the documents we received that Mr. Nace

4    intended to conceal his disclosures of DHS's secrets, making

13:39:36    5    DHS's job of forensically discovering Nace's breaches a more

6    time-consuming process, and that gives us additional good cause

7    for a continuance.

8         In addition, I would note that even Ms. Miller, who has

9    been a bit more prompt in -- with the production, we didn't

13:39:54   10    receive her productions until late September, early October.

11        There's been now a flurry of depositions on all sides, four

12    issued by the defendants and five notices issued by DHS, all --

13    and we hope to all figure -- complete all of these by January

14    5th.  It's going to be a challenge to effectively do that.

13:40:14   15        The defendants have issued a notice to take my deposition

16    three days after Christmas, when I'll be on vacation.  Ms.

17    Miller has proposed that we enter into a stipulation to take

18    Mr. Pernell's deposition after the discovery cutoff.  There's a

19    third party, Glenn Walker, who's notified us that he's not going

13:40:32   20    to be available on the date subpoenaed for him.

21        So I guess an additional point I would make here is that

22    while defendants may not want to admit it today, they will not

23    be able to take their desired depositions before January 5th,

24    either, including a 30(b)(6) that is necessarily going to have

13:40:50   25    to be, at least of Mr. Pernell as the critical witness for

1    Dental Health Services and, again, is going to wreak havoc with

2    the scheduling order here.

3         So, for all those reasons, there's good cause to grant a

4    continuance of case deadlines.

13:41:11   5         THE COURT:  Thank you, Counsel.

6         I'll hear from the defendants in whatever order you wish to

7    go.

8         MR. SAVITT:  I'm happy to go first, Your Honor.

9         It appears that like everybody else -- it's like when one

13:41:32  10    asks for a volunteer and everybody else steps back and you're

11    the one there.  So let me bite the bullet and go first.

12         Let me begin by talking about Mr. Pernell's illness,

13    because it raises an issue in which -- you know, I just sort of

14    feel like saying it's hard to know.  Mr. Pernell says he will

13:41:54  15    offer prescription drug receipts, but he doesn't say he's going

16    to give us a doctor's opinion or a doctor's note, which seems

17    odd.  It comes on the heels of avoiding a deposition that was

18    first noted on June the 12th.  And then so we were trying to

19    take this deposition for several months before these issues of

13:42:17  20    illness came up.  And we were told December 12th is okay, and

21    now it appears Mr. Pernell's declaration is saying, I don't know

22    when I'll be available.

23         And, you know, all of that, especially when there are some

24    scheduling issues, usually recognition of medical concerns

13:42:33  25    requires a degree of transparency that we haven't seen here.

December 12, 2023        8

1    I had a case in front of Judge Jones during the pandemic in

2    which he asked my client to show up at a hearing like this and

3    actually testify and subject himself via Zoom to

4    cross-examination, because everybody wanted answers about

13:42:52    5    exactly what the medical issues were.

6    But, frankly, I think the issues about Mr. Pernell's

7    medical condition obscure the larger point here, which is really

8    we're at a place because of DHS's doing.

9    You know, on the -- on the playground when we were kids, we

13:43:10    10    would say you're -- tough, because you caused it.  They pushed

11    off all of their discovery 'til the end, and they played games

12    on the discovery that the defendants were trying to seek.

13    I'm not going to repeat it here, but I note that

14    Mr. Lindemeier's declaration is undisputed.  And it's painful to

13:43:29    15    read, but it goes through the extensive efforts we made to get

16    discovery and the extensive dances away from it that we

17    encountered.

18    And we're now in a situation here 30 days from the Court's

19    discovery cutoff, a discovery cutoff that DHS got by pushing the

13:43:48    20    case out further than the other parties wanted.

21    They have not identified a trade secret.  The interrogatory

22    that we served saying would you please tell me what trade

23    secrets are at issue remains not partially unanswered, entirely

24    unanswered, even though that was the issue in which the Court

13:44:10    25    denied the TRO.

1        The question, is there any misappropriation that you can

2   identify or that you contend happened, any wrongful disclosure

3   of information by Ms. Miller; it is a zilch, it is a zero, it is

4   a nada.

5        In all of the documents that have been produced, there's

6   not one document that identifies the trade secret that

7   Ms. Miller allegedly took, and not one that alleges her doing

8   anything.  All of these new facts -- there were seven documents

9   produced since this motion was filed that reference Ms. Miller,

10  and two of them contain rank speculation that she worked with

11  Mr. Nace, speculation that no one asked Ms. Miller to confirm or

12  deny.

13       And how do you justify a continuance in a trade secret case

14  when nine months into the case, you have declined and failed to

15  identify the trade secret?

16       The only claim against my client is that we did a rolling

17  production from July to December -- excuse me, September, so

18  they've had all of our documents for three months, there's no

19  concern.  We went through great pains at great expense to

20  produce documents in response to super broad discovery.

21       And let me say in conclusion that, I got to say, that seems

22  relevant here because, Your Honor, we talk a lot in the United

23  States about people sort of depleting their savings and facing

24  the possibility of financial ruin from unforeseen healthcare

25  costs, we talk a lot about that, and we all worry about it.  We

 1    don't worry and we don't expect to face those problems from a

 2    meritless lawsuit.  And the burden on Ms. Miller has been

 3    onerous.  She had to defeat a TRO.  She had to respond to broad

 4    and far-reaching discovery and hire forensic folks to make sure

 5    that the integrity of stuff was maintained.  It's all been

 6    produced.  They've had it for months.  And even in this hearing

 7    today, no one can identify anything they claim was a

 8    misappropriation of a trade secret or a wrongful disclosure of

 9    proprietary information.  We have had to play *Ring Around the*

10    *Rosie* to get any meaningful discovery.

11         And again, if you haven't identified those things, why

12    should we spend another day, frankly, dealing with all this?

13         Now, so it does lead the Court to the issue that you --

14    that the Court raised and Mr. Harrington alluded to, is, Well,

15    can I just deny this?  I mean, can the parties actually proceed?

16         And let me submit that you could, that the Court could,

17    that perhaps discovery could be extended by, say, two weeks to

18    make sure the depositions don't have to happen in the week

19    before Christmas, between Christmas and new year, okay.  We

20    could do -- if a witness is not available, their testimony's

21    excluded.  What the jury will be told about that exclusion can

22    be decided by the Court in limine, depending upon the facts

23    which led to the unavailability.

24         But at this point, after delaying 10 months and providing

25    the kind of information that's been provided, we just don't have

 1    a basis to extend, if someone else can handle the 30(b)(6).

 2         So a continuance where you haven't even identified your

 3    trade secret, you haven't even identified a single instance of

 4    misappropriation, I submit that would be abusive to Ms. Miller.

 5    And the solution is, give us two weeks to finish the

 6    depositions, tell everybody, If you can't appear, you can't

 7    appear, and we'll go from there.  And we will live with that and

 8    hold the current schedule.

 9         Thank you, Your Honor, very much.

10         THE COURT:  Thank you, Mr. Savitt.

11         Ms. Reuben.

12         MS. REUBEN:  Good afternoon, Your Honor.  I'll try to

13    be brief, so I'm not repeating what Mr. Savitt said, but ditto.

14    He, in essence, is hitting exactly what I was going to hit on,

15    which is to the extent that DHS is saying that my client

16    misappropriated trade secrets, they still have not identified

17    what those trade secrets are.

18         And there's case law in this state that says that, you

19    know, we don't have to respond to discovery targeted at what

20    those trade secrets are until they identify what is at issue in

21    this case.

22         My client has produced extensive amount of documents, as

23    has third party, Paramount.  They knew at the time that they

24    filed this complaint in April that Mr. Nace was working at

25    Paramount, they made allegations that Paramount was behind this

1    alleged solicitation of a DHS client, and yet they still haven't

2    identified what exactly Mr. Nace did wrong in responding to a

3    customer request for a proposal.  And here we are 10 months into

4    it and they've just disclosed that they were not awarded the

5    contract, but neither was Paramount.

6         So it's very clear that this customer was looking to go

7    somewhere else, and they did.  They went to neither party.

8         I don't think that a continuance of discovery is going to

9    be beneficial to either side.  I think we can get the

10    depositions done on the schedule that Mr. Savitt noted.

11         I want to address the point that Mr. Harrington raised

12    related to Paramount's subpoena responses.  Paramount produced

13    over 700 pages of documents, e-mails that were exchanged between

14    Mr. Nace and Mr. Walker.  I disclosed to Mr. Harrington that

15    from my review of the search hits, it appeared that some of the

16    documents that may -- that should have been hitting on it

17    weren't hitting on the searches.

18         We've gone back and reviewed over 2,000 documents and

19    anticipate producing those documents today after some technical

20    difficulties.  But, again, they're just reiterating what was

21    already produced by Mr. Walker.  They've had this information

22    since October.  They've had Paramount's production since

23    September.  Any -- any now claim that they're going to add

24    Paramount and add claims against Paramount is simply untimely.

25    It's going to be futile, considering they can't even identify a

1    trade secret against Nace.  So it's unclear, you know, whether

2    or not it is a good use of judicial resources to even entertain

3    the idea that we need a continuance so that they can seek leave

4    to add a party that they have not timely sought leave to add.

5         I'll stop there and address any questions that the Court

6    may have.

7              THE COURT:  Are the documents you referred to,

8    intending to produce today, is that the production that

9    Mr. Harrington was referring to?

10             MS. REUBEN:  That's correct.

11             THE COURT:  Okay.  Thank you.

12        Mr. Harrington, do you have any response to this?  And what

13   is DHS's response to what we've heard about not identifying the

14   trade secret?

15             MR. HARRINGTON:  Right.

16        So the trade secrets at issue have long been known to

17   Ms. Miller and to Mr. Nace.  I mean, the issue that precipitated

18   having to -- Ms. Miller, at least, was the fact that she -- that

19   DHS had to sue to get back a computer and docu- -- that she had

20   refused to return to the company after much pressing and

21   exhaustive efforts, and documents she had e-mailed to herself,

22   including contracts with key customers, and proprietary forms,

23   all of which she'd sent to herself on her last day of

24   employment.

25        As to Mr. Nace, we have explained the nature of the

1    questions, which betrayed the fact that he'd been giving

2    information about our vulnerabilities to this key customer's

3    agent.  And that, as well, I think is well understood.

4        Our production, including all -- any supplementation of

13:52:34    5    interrogatories and any additional documents will be complete by

6    December 18th.  So I do anticipate that any trailing issues will

7    be resolved shortly.

8        But, nonetheless, there is -- you know, we don't have the

9    information here from Paramount or Nace, whoever is going to

13:52:54   10    produce it.  And we don't know what we don't know, and therefore

11    what's going to need to be followed up.  And we're not going to

12    be able to process that in an orderly way, in a way that we're

13    entitled to, prior to this raft of depositions that is

14    scheduled.

13:53:11   15        I would also note that I don't think there's any

16    requirement under Washington law that Mr. Pernell disclose the

17    specific diagnosis or provide a doctor's note, particularly in

18    light of Washington's new health data privacy law, as well as

19    public policies articulated in Washington statutes saying that

13:53:33   20    just because you're a litigant, you don't give up your medical

21    privacy, or you have to turn over your medical records, so we

22    are -- I have been loath to share that personal information of

23    his with the Court or with the defendants as it is his privacy.

24        Mr. Pernell was willing to submit this declaration,

13:53:53   25    providing some details, in order to ensure that DHS's rights

 1    were not prejudiced.

 2        I think that if -- that even under the alternative idea of

 3    continuing things by two weeks, I don't think we're going to be

 4    able to do it within that amount of time.  I think that a

13:54:12    5    continuance of all broader case scheduling deadlines is

 6    appropriate, it's not going to be terribly prejudicial to

 7    anybody, and a continuance is warranted in this case.

 8              THE COURT:  Mr. Harrington, are you seeking to

 9    continue deadlines -- you're not seeking to continue deadlines

13:54:30   10    that have since passed, are you?

11              MR. HARRINGTON:  None that have passed since -- or

12    prior to the filing of our motion.

13              THE COURT:  Okay.

14              MR. HARRINGTON:  But in terms of the deadline for,

13:54:43   15    say, you know, bringing discovery motions or serving follow-up

16    discovery related to whatever we're about to find out, we would

17    ask that those be continued out a brief period.

18              THE COURT:  And what depositions.  How many -- you

19    said there's a "raft of depositions," how many depositions are

13:55:01   20    we talking about that are scheduled before January 5th?

21              MR. HARRINGTON:  Nine, by my count.  I'm happy to be

22    corrected, but I believe it's four served by the other parties

23    and five served by Dental Health Services.  But as I mentioned,

24    some of those are ill-fated, they're scheduled on dates that

13:55:20   25    just aren't going to work.

```
 1          THE COURT:  They aren't going to work for the
 2    defendants in this matter?
 3          MR. HARRINGTON:  Or for, say, the subpoena recipient,
 4    Glenn Walker.  I've received word from his counsel saying that,
 5    you know, both he and the witness will be on vacation during the
 6    date that we had proposed.
 7          THE COURT:  Understood.  Well, I know it's a difficult
 8    time of year.
 9          So, Mr. Harrington, is DHS at this point -- at this point
10    ready to move forward with some diligence in this case?
11          MR. HARRINGTON:  Oh, absolutely.
12          THE COURT:  I understand Mr. Pernell's health
13    condition, and the Court doesn't have any reason to question
14    that or to doubt the veracity of his declaration, and I don't
15    suggest that we do, but it does seem that there have been a lot
16    of delays to date, and I'm wondering, given the ongoing status
17    of his condition, you know, is this -- are you telling the Court
18    that DHS is ready to go at this point?
19          MR. HARRINGTON:  Yes.  I believe we are ready to go,
20    subject to the constraints that have been identified in our
21    motion that, you know, there are issues we -- you know, we don't
22    know what we don't know in terms of follow-up and additional
23    discovery.
24          I mean, we are impeded somewhat, delayed by Mr. Pernell's
25    condition, that certainly has slowed things down, but I'll tell
```

1    you that we are, you know, busily reviewing the final document

2    production.  And like I said, we'll have that out by December

3    18th.

4         So, you know, I want to balance the answer here that I can

13:56:54    5    assure the Court that we are acting diligently, and I appreciate

6    that things have picked up on the other side as well.  I have

7    every reason to hope that the documents that we are owed are

8    going to be forthcoming soon as well, but I'm also concerned, as

9    laid out in our motion, that there are other things that need to

13:57:16    10   be done here, and a mere brief continuance of the discovery

11   cutoff is not going to be adequate.

12        THE COURT:  I understand.

13        Well, the Court is not inclined to grant a four-month

14   extension on the record that is before the Court today; however,

13:57:35    15   I do find good cause to grant your motion in part, insofar as I

16   can offer the parties a July 29th trial date and extend the

17   deadlines accordingly, not -- as we discussed, not deadlines

18   that have already passed, but we would set new deadlines based

19   on a July 29th trial date.

13:57:55    20        Is that a date that is realistic for the parties?

21             MR. HARRINGTON:  Yes, that works for me, Your Honor.

22             MR. SAVITT:  We'll make that work, Your Honor.

23             THE COURT:  Thank you.

24        Ms. Reuben?

13:58:11    25             MS. REUBEN:  Same, same.

1    THE COURT:  Okay.  The Court will issue an adjusted

2    case schedule, reflecting July 29th as the new trial date.

3        I have a note here from my staff that says a 10-day trial;

4    is that what the parties are anticipating?

13:58:29    5        MR. HARRINGTON:  As the -- I don't think we would need

6    the full 10 days, would be my anticipation, but it's probably a

7    good idea to keep that estimate.

8        THE COURT:  Okay.  All right.  Thank you.

9        Unless there's anything else, the Court will issue an

13:58:43   10   adjusted case schedule based on that trial date.

11       There will not be further continuances, however; and the

12   Court does expect the parties to move forward with diligence in

13   prosecuting this case.

14       MR. HARRINGTON:  And just to be clear, Your Honor,

13:58:55   15   you're saying that deadlines that had not passed at the time of

16   bringing our motion.

17       THE COURT:  Deadlines that have not passed at the time

18   of bringing your motion will be adjusted, and we'll issue an

19   order setting those forth.

13:59:05   20       MR. HARRINGTON:  Thank you, Your Honor.

21       THE COURT:  Thank you.

22       MS. REUBEN:  Thank you, Your Honor.

23       THE COURT:  And we are in recess.

24       THE CLERK:  Court is adjourned.

25               (Court adjourned 1:59 p.m.)

1          C E R T I F I C A T E

2       I certify that the foregoing is a correct transcript from

3       the record of proceedings in the above-entitled matter.

4               /s/ Marci E.C. Chatelain

5               Marci E.C. Chatelain, CCR, RPR, RMR, CRR
                Federal Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT B

**Stephen, Michele**

| | |
|---|---|
| **From:** | Jeremy Roller <jroller@aretelaw.com> |
| **Sent:** | Wednesday, January 17, 2024 3:43 PM |
| **To:** | Lindemeier, Christopher |
| **Cc:** | Mathew Harrington; Justo Gonzalez; Sarah Armon; Laura Smith; Arianah Musser; Madelyne Garcia; Reuben, Annie; Romeo, Mark; Villegas-Diaz, Noemi; Nestuk, Kelley; Savitt, James; Stephen, Michele; Yocom, Eric |
| **Subject:** | RE: DHS/Miller and Nace |

> Some people who received this message don't often get email from jroller@aretelaw.com. Learn why this is important

<div style="background-color:orange">CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.</div>

Counsel,

I will follow-up on Annie's and Chris's requests for dates for Gary Pernell's deposition.

I understand that Glenn Walker's and Walker Insurance Solutions' deposition had been scheduled for January 25.  We are going to re-note that deposition for some time in February.  I've spoken with Walker's lawyer about this; he knows it is off for now.

Jeremy

**Jeremy Roller**



ARETE LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE, WA 98101
(206) 428-3250

www.aretelaw.com | direct: (206) 428-3254

**From:** Chris Lindemeier <clindemeier@sbwllp.com>
**Sent:** Monday, January 15, 2024 7:50 PM
**To:** Jeremy Roller <jroller@aretelaw.com>
**Cc:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>; Reuben, Annie <AReuben@littler.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Jeremy,

While you are considering Annie's request regarding availability the week of Jan. 29 for Mr. Pernell's deposition, <mark>please have in mind that we (on behalf of Miller) also need a date for Mr. Pernell's deposition.  We will need a full day for Ms. Miller's deposition of Mr. Pernell.</mark>

Best,

Chris J. Lindemeier | Savitt Bruce & Willey llp | www.SBWLLP.com

*Privileged and Confidential*: Please be advised that this message may contain information that is private and legally privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately of the error. Please do not copy or send this message to anyone else. Thank you for your cooperation.

**From:** Reuben, Annie <AReuben@littler.com>
**Sent:** Wednesday, January 10, 2024 8:23 PM
**To:** Jeremy Roller <jroller@aretelaw.com>; Chris Lindemeier <clindemeier@sbwllp.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

> CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

Hi Jeremey:

It is nice to meet you. We (Nace) are currently scheduled to depose Mr. Pernell on January 17. Due to an unexpected conflict, we need to re-set that deposition to later in the month. Can you please let us know your and Mr. Pernell's availability the week of January 29. Thank you,

**Annie Reuben**
Shareholder
206.381.4922 direct, 202.257.1159 mobile
AReuben@littler.com

Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101-3122

**From:** Jeremy Roller <jroller@aretelaw.com>
**Sent:** Wednesday, January 10, 2024 7:50 PM
**To:** Chris Lindemeier <clindemeier@sbwllp.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>; Reuben, Annie <AReuben@littler.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Chris,

Thanks for your email.

As to your inquiry about Glenn Walker's deposition, it will not be going forward on January 18.  I understand from Mat that Mr. Walker's lawyer had offered January 25.  I will follow-up on that, and circle back soon.

Jeremy

**Jeremy Roller**

 **ARETE LAW GROUP**
1218 THIRD AVENUE
SUITE 2100
SEATTLE, WA 98101
(206) 428-3250

www.aretelaw.com | direct: (206) 428-3254

---

**From:** Chris Lindemeier <clindemeier@sbwllp.com>
**Sent:** Wednesday, January 10, 2024 5:48 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Jeremy Roller <jroller@aretelaw.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyn Garcia <Madelyne.Garcia@stokeslaw.com>; areuben@littler.com; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat – Thank you for your response.

Jeremy,

Nice to meet you.  Although ==there are several outstanding issues needing to be addressed,== for now please advise regarding the following: my understanding is that DHS plans to depose third-party Glenn Walker on January 18.  Is this moving forward?

Best,

CHRIS J. LINDEMEIER | SAVITT BRUCE & WILLEY LLP | www.SBWLLP.com

*Privileged and Confidential*:  Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

---

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Wednesday, January 10, 2024 3:11 PM
**To:** Chris Lindemeier <clindemeier@sbwllp.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyn Garcia <Madelyne.Garcia@stokeslaw.com>; areuben@littler.com; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

Counsel,

As you have seen, DHS is associating new counsel and we will be withdrawing.  DHS will respond shortly with more information.

Regards,

**Mathew L. Harrington**
**Stokes Lawrence, P.S.**
Mathew.Harrington@stokeslaw.com | direct: 206.892.2135 | Bio

This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.

---

**From:** Chris Lindemeier <clindemeier@sbwllp.com>
**Sent:** Tuesday, January 9, 2024 3:02 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>; areuben@littler.com; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

I write further to the voicemail I left you this morning, following up on my Jan. 2 and Jan. 7 emails below.

We need your response to the issues raised in order to know whether depositions are proceeding and if so, when DHS is proposing those proceed to determine whether that is acceptable on our end.  For example, your failure to timely respond re the 1/12 date for your deposition has now rendered that date infeasible; we will follow up regarding an alternative date.  We likewise cannot guarantee that other dates we proposed for depositions remain workable (e.g., for Toby's deposition) unless we hear from you promptly and are able to consider your proposal.

We also need your response to know whether we've reached an impasse as to when DHS will provide its outstanding supplemental responses to Miller's interrogatories.

As you know, if the parties cannot resolve discovery matters by agreement, the Court's Chamber Procedures require that, prior to the filing of a motion, the parties are to request a conference with the Court and the moving party is to submit a joint statement briefly identifying the issues in dispute.  Dkt. 58 at 2.

We must have your input on these matters to know whether agreement may be possible or whether we need to make a submission to the Court and request a conference.

Additionally, in my December 18 email, I addressed DHS's redactions based on responsiveness.  I stated:  "If DHS is redacting any matter on any basis besides privilege, please either provide the authority on which it does so, or please advise that you won't be providing authority so we can prepare a joint submission to the Court regarding this discovery disagreement, per her chamber procedures."  You have not responded to this request.

**When will you respond on these three issues?**

Best,

CHRIS J. LINDEMEIER | SAVITT BRUCE & WILLEY LLP | www.SBWLLP.com

*Privileged and Confidential*: Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

---

**From:** Chris Lindemeier
**Sent:** Sunday, January 7, 2024 12:47 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>; areuben@littler.com; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

You told me last Thursday that by Friday, January 5, you would respond to the matters raised in my January 2 email.  I have not heard anything from you, which is particularly concerning considering the January 31 discovery motions deadline, the numerous outstanding depositions in this case, and DHS's continued failure to supplement its interrogatory answers (which we have been asking for since June 2023).  Please promptly respond to each issue raised in my January 2 email.

Additionally, please provide Theresa Neibert's availability up through January 26 for the continuation of her deposition.  Thanks.

Best,

CHRIS J. LINDEMEIER | SAVITT BRUCE & WILLEY LLP | www.SBWLLP.com

*Privileged and Confidential*: Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

---

**From:** Chris Lindemeier
**Sent:** Tuesday, January 2, 2024 5:39 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Cc:** James Savitt <jsavitt@sbwllp.com>; Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; areuben@littler.com; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

I hope you and your family enjoyed the holidays.  I am following up on several outstanding matters:

(1) We have not received DHS's supplemental interrogatory answers, despite your representation to me and the court that DHS would supplement its interrogatory answers by December 18, 2023.  **Please provide DHS's**

supplemental interrogatory answers by end of day tomorrow, January 3. We have met and conferred numerous times on this issue.

(2) Please confirm dates for the following depositions:

    a. Your Deposition – We proposed January 12.

    b. Miller's 30(b)(6) Deposition of DHS – We proposed January 23 (and Nace's counsel is not available on the 17th). However, if DHS asserts that January 23 cannot work, then we can also make January 16 work. If DHS asserts that neither of the foregoing dates can work, then please provide at least two alternative dates before January 26.

    c. Miller's Deposition of Gary Pernell – Please provide Mr. Pernell's availability from January 13 – 26.

    d. DHS's Deposition of Toby Miller – We proposed January 22 or 26, but have heard nothing from you.

    e. DHS's Deposition of Walker Insurance Solutions – You stated in your December 12 email that Mr. Walker is unavailable on the originally scheduled date. Please advise regarding the scheduling status of this deposition.

    f. DHS's Deposition of Glenn Walker – You stated in your December 12 email that Mr. Walker is unavailable on the originally scheduled date. Please advise regarding the scheduling status of this deposition.

Thank you.

Best,

CHRIS J. LINDEMEIER | SAVITT BRUCE & WILLEY LLP | www.SBWLLP.com

*Privileged and Confidential*: Please be advised that this message may contain information that is private and legally privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately of the error. Please do not copy or send this message to anyone else. Thank you for your cooperation.

---

**From:** James Savitt <jsavitt@sbwllp.com>
**Sent:** Tuesday, December 19, 2023 4:49 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Chris Lindemeier <clindemeier@sbwllp.com>; areuben@littler.com; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>
**Subject:** RE: DHS/Miller and Nace

Thank you Mat. Is there any chance we can make the 12th work? I will be out of town, returning late on the 10th, rendering the 11th problematic but not impossible. Jim

JAMES P. SAVITT | SAVITT BRUCE & WILLEY LLP | www.SBWLLP.com

*Privileged and Confidential*: Please be advised that this message may contain information that is private and legally privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately of the error. Please do not copy or send this message to anyone else. Thank you for your cooperation.

---

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Tuesday, December 19, 2023 12:47 PM
**To:** James Savitt <jsavitt@sbwllp.com>; Romeo, Mark <MRomeo@littler.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Chris Lindemeier <clindemeier@sbwllp.com>; areuben@littler.com; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley

<[KNestuk@littler.com](mailto:KNestuk@littler.com)>; Michele Stephen <[mstephen@sbwllp.com](mailto:mstephen@sbwllp.com)>; Eric Yocom <[eyocom@sbwllp.com](mailto:eyocom@sbwllp.com)>; Madelyne Garcia <[Madelyne.Garcia@stokeslaw.com](mailto:Madelyne.Garcia@stokeslaw.com)>
**Subject:** RE: DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

Jim,

January 9 and 11 would work for me.  Justo has trial beginning Jan 16.

Regards,

Mat

**From:** James Savitt <[jsavitt@sbwllp.com](mailto:jsavitt@sbwllp.com)>
**Sent:** Tuesday, December 19, 2023 11:47 AM
**To:** Romeo, Mark <[MRomeo@littler.com](mailto:MRomeo@littler.com)>; Mathew Harrington <[Mathew.Harrington@stokeslaw.com](mailto:Mathew.Harrington@stokeslaw.com)>
**Cc:** Justo Gonzalez <[Justo.Gonzalez@stokeslaw.com](mailto:Justo.Gonzalez@stokeslaw.com)>; Sarah Armon <[sarah.armon@stokeslaw.com](mailto:sarah.armon@stokeslaw.com)>; Laura Smith <[Laura.Smith@stokeslaw.com](mailto:Laura.Smith@stokeslaw.com)>; Arianah Musser <[Arianah.Musser@stokeslaw.com](mailto:Arianah.Musser@stokeslaw.com)>; Chris Lindemeier <[clindemeier@sbwllp.com](mailto:clindemeier@sbwllp.com)>; [areuben@littler.com](mailto:areuben@littler.com); Villegas-Diaz, Noemi <[NVillegasDiaz@littler.com](mailto:NVillegasDiaz@littler.com)>; Nestuk, Kelley <[KNestuk@littler.com](mailto:KNestuk@littler.com)>; Michele Stephen <[mstephen@sbwllp.com](mailto:mstephen@sbwllp.com)>; Eric Yocom <[eyocom@sbwllp.com](mailto:eyocom@sbwllp.com)>; Madelyne Garcia <[Madelyne.Garcia@stokeslaw.com](mailto:Madelyne.Garcia@stokeslaw.com)>
**Subject:** RE: DHS/Miller and Nace

Mark:  We will stand down accordingly for now, and will reschedule for January.

Mat:  We'd like to re-set this for a date after January 10.  If you could offer some options that would be appreciated.  We'd be looking for an afternoon time.

--Jim

**From:** Romeo, Mark <[MRomeo@littler.com](mailto:MRomeo@littler.com)>
**Sent:** Tuesday, December 19, 2023 10:06 AM
**To:** Mathew Harrington <[Mathew.Harrington@stokeslaw.com](mailto:Mathew.Harrington@stokeslaw.com)>; James Savitt <[jsavitt@sbwllp.com](mailto:jsavitt@sbwllp.com)>
**Cc:** Justo Gonzalez <[Justo.Gonzalez@stokeslaw.com](mailto:Justo.Gonzalez@stokeslaw.com)>; Sarah Armon <[sarah.armon@stokeslaw.com](mailto:sarah.armon@stokeslaw.com)>; Laura Smith <[Laura.Smith@stokeslaw.com](mailto:Laura.Smith@stokeslaw.com)>; Arianah Musser <[Arianah.Musser@stokeslaw.com](mailto:Arianah.Musser@stokeslaw.com)>; Reuben, Annie <[AReuben@littler.com](mailto:AReuben@littler.com)>; Villegas-Diaz, Noemi <[NVillegasDiaz@littler.com](mailto:NVillegasDiaz@littler.com)>; Nestuk, Kelley <[KNestuk@littler.com](mailto:KNestuk@littler.com)>; Michele Stephen <[mstephen@sbwllp.com](mailto:mstephen@sbwllp.com)>; Eric Yocom <[eyocom@sbwllp.com](mailto:eyocom@sbwllp.com)>; Madelyne Garcia <[Madelyne.Garcia@stokeslaw.com](mailto:Madelyne.Garcia@stokeslaw.com)>
**Subject:** RE: DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

Since Annie and are a bit tied up this week with other matters, let's move to the first or second week of January.  Please propose some dates.

Thanks.

Mark

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Tuesday, December 19, 2023 8:13 AM
**To:** James Savitt <jsavitt@sbwllp.com>; Romeo, Mark <MRomeo@littler.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Chris Lindemeier <clindemeier@sbwllp.com>; Reuben, Annie <AReuben@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>; Madelyne Garcia <Madelyne.Garcia@stokeslaw.com>
**Subject:** RE: DHS/Miller and Nace

It's Jim's deposition, so I would look to him whether to reschedule.  I have availability in January.  I will be in deposition today and slow to respond.

Mat

**From:** James Savitt <jsavitt@sbwllp.com>
**Sent:** Tuesday, December 19, 2023 7:35 AM
**To:** Romeo, Mark <MRomeo@littler.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Chris Lindemeier <clindemeier@sbwllp.com>; areuben@littler.com; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mark:  Mat Harrington's deposition is set for tomorrow, Wed 12/20, in person at my office at 1:00pm.  Mat has advised he is available and we thus are planning to proceed.  If the date does not work for you, however, and DHS agrees to reschedule, we would be ok to reschedule for January.  Jim

JAMES P. SAVITT | SAVITT BRUCE & WILLEY LLP | www.SBWLLP.com

*Privileged and Confidential*:  Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

**From:** Romeo, Mark <MRomeo@littler.com>
**Sent:** Monday, December 18, 2023 6:46 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; Chris Lindemeier <clindemeier@sbwllp.com>; Reuben, Annie <AReuben@littler.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

All,

Annie is out for a few days.  I want to ensure that I understand what is happening this Wed. 12/20.  My understanding is that depositions were being pushed out to January, but I could be mistaken.  Please advise.

Mark.

---

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Monday, December 18, 2023 4:15 PM
**To:** Chris Lindemeier <clindemeier@sbwllp.com>; Reuben, Annie <AReuben@littler.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Chris,

I have accepted service.  We are fine proceeding on Wednesday.

We will get back to you on the scheduling questions you raise.

Mat

---

**From:** Chris Lindemeier <clindemeier@sbwllp.com>
**Sent:** Monday, December 18, 2023 9:27 AM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; areuben@littler.com
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

In response to your 12/12 email at 11:46 am:

1.      Please confirm that you _have_ accepted service of the subpoena (as opposed to agreeing to accept service at some point in the future).  Additionally, please advise whether you intend to appear at your deposition and testify.  If so, then we are fine with either proceeding on December 20, or rescheduling your deposition for mid-January.  Alternatively, if you intend to move to quash your deposition, please so advise, but in that event the deposition remains set for December 20.

2. – 3.  Please provide Mr. Pernell's availability from January 8 – 26, 2024.

4. – 5.  We would like to re-set the outstanding deposition to DHS under FRCP 30(b)(6) to either January 17 or January 23.  Please advise which of these works.  If DHS asserts that neither can work, then we can also make January 16 work.  If DHS asserts that none of the foregoing dates can work, then please provide at least two alternative dates before January 26.

7.      Thank you for confirming that DHS will log all redactions in addition to withheld documents.

8.      Especially in light of the amended case schedule, we are unaware of grounds to redact information based on responsiveness to documents that contain responsive matter.  The whole point of the protective order governing confidential information is to protect confidential matter, and the order eliminates any basis that might exist to redact

such information.  If DHS is redacting any matter on any basis besides privilege, please either provide the authority on which it does so, or please advise that you won't be providing authority so we can prepare a joint submission to the Court regarding this discovery disagreement, per her chamber procedures.

Regarding Ms. Miller's deposition currently scheduled for January 2, 2024, neither Ms. Miller nor counsel is available on that date.  Ms. Miller can be available on either January 22 or January 26.  Please let us know which of these dates you prefer.

Best,

Chris J. Lindemeier | Savitt Bruce & Willey llp | www.SBWLLP.com

*Privileged and Confidential*:  Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

---

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Tuesday, December 12, 2023 11:46 AM
**To:** Chris Lindemeier <clindemeier@sbwllp.com>; areuben@littler.com
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

---

Chris,

1. 1. Yes, I will accept service for the subpoena on me for my deposition.
2. 2. I have a draft of a stipulation to take Mr. Pernell's deposition beyond the cutoff, but as I mentioned, there is at least one other that we believe should be taken after the cutoff (and likely more as I have been advised that Mr. Walker is unavailable on the date subpoenaed).  I think we should hold off on submitting this stipulation until after the outcome of today's hearing, and we have a better sense of what other scheduling problems the parties may have.
3. 3. At this time I do not have anything to report on additional dates for Mr. Pernell's availability on those proposed dates. Justo and I have conflicts on Dec 19 and 28, though I will be the one to defend this deposition.  Given the schedule before the end of the year, we should look to dates after the discovery cutoff.
   4. and 5. To answer your question, it is not DHS's position that it need not present a witness.  We are not aware of any dates that work for DHS's 30(b)(6) deposition, crucially because of Mr. Pernell's unavailability for the time being.  In light of the unusual circumstances we would propose stipulating to take the DHS 30(b)(6) after the deadline.
   6. That reference was a typo.
   7. and 8. I have advised you what will do in my Dec. 6 email below.

Regards,

**Mathew L. Harrington**
Stokes Lawrence, P.S.
Mathew.Harrington@stokeslaw.com | direct: 206.892.2135 | Bio

This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.

**From:** Chris Lindemeier <clindemeier@sbwllp.com>
**Sent:** Monday, December 11, 2023 4:48 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; areuben@littler.com
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

I write to follow-up on the outstanding matters from my December 6 letter, my December 7 email, and my December 9 email:

(1) Whether you accept service of the subpoena for your deposition, or whether you and DHS stipulate that the Notice of your deposition is sufficient to compel your appearance;

(2) Your proposed stipulation regarding Mr. Pernell's deposition;

(3) Mr. Pernell's availability for his deposition on January 23, 24, or 25;

(4) Whether your colleague Justo Gonzalez is available for the 30(b)(6) deposition of DHS on December 28?  And if not, then whether either of you are available on December 19?  If neither of you are available on December 28 or December 19, please propose at least two alternatives to hold this deposition before the discovery cut-off.

(5) Whether it is DHS's position that it is not obliged to tender a witness for the 30(b)(6) deposition of DHS if Mr. Pernell is unavailable.  And if so, please identify any authority supporting this position and identify which topics DHS contends Mr. Pernell is the sole DHS representative qualified to testify;

(6) Which 30(b)(6) deposition you were referring to in your December 6 letter (before we served our 30(b)(6) deposition notice);

(7) Please confirm that in its privilege log, DHS will log all redactions in addition to withheld documents; and

(8) Please confirm that DHS will identify with specificity in its privilege log the substance of all "non-responsive and irrelevant" information DHS redacted.

Thank you.

Best,

Chris J. Lindemeier | Savitt Bruce & Willey llp | www.SBWLLP.com

***Privileged and Confidential***:  Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

**From:** Chris Lindemeier
**Sent:** Thursday, December 7, 2023 12:04 PM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; areuben@littler.com
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

I write regarding your proposal to reschedule our deposition of Mr. Pernell for January.  In light of the representations you made during our December 5, 2023 meet and confer that the delay of Mr. Pernell's deposition is medically required

and necessary, we agree to reschedule Mr. Pernell's deposition for January, provided that the court approves the deposition occurring after the discovery cutoff.  Until the court so approves, the December 12 deposition of Mr. Pernell remains set and his failure to appear would not be excused.  To be clear, our agreement is limited solely to Mr. Pernell's deposition; we are not agreeing to other discovery matters being set after the discovery cutoff.

Please prepare a stipulation and proposed order setting Mr. Pernell's deposition for a date certain in January, after the discovery cutoff.  Please also confirm which of the following days is best for you and Mr. Pernell: January 23, 24, or 25.

Additionally, in your letter of yesterday, December 6, you propose "that the parties proceed with the Rule 30(b)(6) deposition" subject to the responses and objections stated in your letter.  This is puzzling because as of the time of your letter, we had not served any 30(b)(6) deposition notice on you.  Please advise which 30(b)(6) deposition you are referring to.

Regarding your comments about DHS's privilege log, yes, please log all redactions in addition to withheld documents.  This includes, but is not limited to, your redactions of "non-responsive and irrelevant" information referenced in your email yesterday.  However, considering the protective order entered in this case, your redactions of "non-responsive and irrelevant" information are improper.  Please identify with specificity in your privilege log the substance of the information redacted.

Thank you.

Best,

Chris J. Lindemeier | Savitt Bruce & Willey llp | www.SBWLLP.com

*Privileged and Confidential*:  Please be advised that this message may contain information that is private and legally privileged.  If you are not the person for whom this message is intended, please delete it and notify me immediately of the error.  Please do not copy or send this message to anyone else.  Thank you for your cooperation.

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Wednesday, December 6, 2023 11:26 AM
**To:** Chris Lindemeier <clindemeier@sbwllp.com>; areuben@littler.com
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

Chris, we are amenable to your proposal.  We agree to confirm 1-3.  I will add that redactions for privilege in our production are marked as privileged on the document itself.  I'm not sure of the value of these being logged, because the withholding and basis are obvious.  But let us now if you want those logged; we can do so.

Some redactions were made of a document which was non-responsive and irrelevant (in addition to being highly confidential and competitively sensitive).  For example, this was the approach used of omnibus board minutes speaking to multiple subjects discussed at the board level, where only a portion of the resulting board minutes was responsive to one of your requests.  We can log that sort of thing based on your prong below that we log all information from documents produced, though it would likely just say "non-responsive."

Regards,

**Mathew L. Harrington**
Stokes Lawrence, P.S.
Mathew.Harrington@stokeslaw.com | direct: 206.892.2135 | Bio

This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.

---

**From:** Chris Lindemeier <clindemeier@sbwllp.com>
**Sent:** Wednesday, December 6, 2023 8:45 AM
**To:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>; areuben@littler.com
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** RE: DHS/Miller and Nace

Mat,

Thank you for your email.  I write to address certain issues in view of today's deadline for filing discovery motions.  (This response is not intended as and should not be construed as an acquiescence or agreement to any point you address or as to the accuracy or completeness of your summary.)

As you may expect based on my November 29, 2023 email to you, we have been preparing a motion to compel DHS's discovery responses and document production that we planned to file today.  In an effort to avoid such a motion (at least for the time being, see further on that below), we will rely on the representations in your email below, and request that DHS confirm the following:

1. Regarding DHS's provision of a privilege log (which we understand will be provided no later than December 18, 2023 when DHS will complete its document production), DHS will include on this log:
   a. All redactions of information on documents produced, including but not limited to redactions for privilege.
   b. All information (such as oral communications) being withheld on the basis of privilege in response to Miller's interrogatories that is dated before March 13, 2023, the date of the filing of the lawsuit.
   c. All documents being withheld on the basis of privilege that are dated before March 13, 2023.
   d. Additionally, DHS will log any communications <u>dated on or after March 13</u> that involve your Zoom conference with Ms. Miller on March 6 and which DHS is withholding in response to an interrogatory or RFP.

2. You advised on November 6, 2023 that you did not know of any discovery that DHS would withhold on the basis of any objection other than privilege.  That remains DHS best information to us at present, and, in foregoing a motion to compel we continue to rely that, as of now, DHS has not identified any discovery it plans to withhold on the basis of any objection other than privilege.

3. DHS agrees, and will so advise the Court if necessary, that Miller may file a motion to compel after the December 6, 2023 deadline in the event Miller challenges the sufficiency of DHS's supplemental responses to her discovery requests and/or document production and, after a good faith meet and confer, the parties reach an impasse on the issue(s).  This is necessary because DHS has not to date provided its supplemental discovery responses or completed its document production.  Accordingly, we must be able to address issues with the Court that the parties are not otherwise able to resolve and that necessarily will now be after the December 6 discovery motions deadline.

Please get back to me on these issues by no later than Noon today so that we may determine how to proceed with respect to our motion to compel.  Thank you.  Please note that Ms. Miller reserves all rights and remedies regarding

what she believes are DHS's untimely responses to discovery, and that nothing in this email is intended to waive or impact those rights and remedies, including arguments that DHS's untimeliness has waived its objections.

Best,

Chris J. Lindemeier | Savitt Bruce & Willey llp | www.SBWLLP.com

*Privileged and Confidential*: Please be advised that this message may contain information that is private and legally privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately of the error. Please do not copy or send this message to anyone else. Thank you for your cooperation.

---

**From:** Mathew Harrington <Mathew.Harrington@stokeslaw.com>
**Sent:** Tuesday, December 5, 2023 8:07 PM
**To:** areuben@littler.com; Chris Lindemeier <clindemeier@sbwllp.com>
**Cc:** Justo Gonzalez <Justo.Gonzalez@stokeslaw.com>; Sarah Armon <sarah.armon@stokeslaw.com>; Laura Smith <Laura.Smith@stokeslaw.com>; Arianah Musser <Arianah.Musser@stokeslaw.com>; Romeo, Mark <MRomeo@littler.com>; Villegas-Diaz, Noemi <NVillegasDiaz@littler.com>; Nestuk, Kelley <KNestuk@littler.com>; James Savitt <jsavitt@sbwllp.com>; Michele Stephen <mstephen@sbwllp.com>; Eric Yocom <eyocom@sbwllp.com>
**Subject:** DHS/Miller and Nace

CAUTION: This email originated from outside of your organization. Do not click links or open attachments unless you know it is safe.

---

Chris and Annie,

Thank you each for agreeing to join the discovery conference this afternoon on short notice. I write to memorialize relevant parts of our discussion. Let me know if you have anything to add.

- Gary Pernell will not be available for his deposition on December 12. I shared additional information I am authorized to provide. Since September he has been dealing with a medical condition, which has limited his ability to participate in this lawsuit. He has not been able to engage in activities that would be necessary to have his deposition taken like concentrating for hours at a time and being examined in an adversarial context. I also shared that as part of his treatment, he has been taking pain medications including an opioid, which along with his condition requires frequent rest, and make it impossible for him to sit in a sustained setting or to give adequate testimony. On November 9 he had a procedure, and has been recovering since. Unfortunately he has learned that an additional procedure is necessary, scheduled for December 14. I don't know when he will be recovered enough after this new procedure to be deposed, but I suggested we leave the January 17 deposition date reserved for the time being, in hopes that he will by then be able. (Even though that date is after the discovery cutoff.) We are willing to provide a declaration from Mr. Pernell speaking to these facts.

- We discussed the deposition notices that DHS hopes to take, and I invited you to confer with us if any of the dates do not work for you, as you suggested some conflicts. You said you would consider whether to conduct some of these after the discovery cutoff of Jan. 5.

- I asked if Annie would accept service of the deposition notice and subpoena to her client Paramount, and she said would anticipate so, but would confirm.

- The parties agreed that each would produce a privilege log with their respective productions, including Paramount Dental. We will exclude from our logs communications on or after the date of filing of the lawsuit.

- I asked about Paramount and Nace's prior stated intention to complete their production/supplement by December 1 (which has passed). I asked if Annie had any updated ETA for completing that production. Annie

provided an updated anticipation that these productions would be complete this week, though that will depend on her review of the documents.

- I stated that we would supplement our interrogatory responses by Friday. In such responses we will make clear if we are withholding information from an answer based on any objections other than privilege.

- I stated that DHS would complete its production of documents by December 18 (having completed on November 20 what I believe will be the lion's share of our production), and would with that production make clear if DHS is withholding documents in response to an RFP based on an objection other than privilege.

Regards,

**Mathew L. Harrington**
Stokes Lawrence, P.S.
Mathew.Harrington@stokeslaw.com | direct: 206.892.2135 | Bio

This message may be confidential and legally privileged. If you received this message in error, please inform the sender and then delete it.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT C

SAVITT BRUCE & WILLEY LLP

April 12, 2023

**Via Email/PDF and Hand Delivery**

Mr. Mathew L. Harrington [mathew.harrington@stokeslaw.com]
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, Washington 98101-2393

      Re:    *Dental Health Services Inc et al v. Miller et al (2:23-cv-00383-LK)*

Dear Mr. Harrington:

    This letter confirms Stokes Lawrence's receipt, on behalf of Plaintiffs in the above-entitled action, from my office of one Microsoft Surface Book laptop, with serial number 033559375054. Attached to this letter are pictures of the Surface Book laptop which document its external condition as of your firm's receipt.

    The undersigned authorized representative of Stokes Lawrence: (1) acknowledges receipt of the Surface Book laptop, and (2) agrees that the pictures attached to this letter are accurate depictions of the Surface Book laptop at the time of Stokes Lawrence's receipt.

_____
(Signature)

Lillie Dale      4-12-23
(Name)          (Date)

Assistant      Stokes Lawrence
(Position)      (Company)

Mr. Mathew L. Harrington
April 12, 2023
Page 2

Yours truly,

Chris J. Lindemeier

cc:    James P. Savitt
         Justo G. González







# EXHIBIT D

# Deposition of Theresa Neibert - Vol. I (CONTAINS CONFIDENTIAL - ATTORNEYS' EYES ONLY TESTIMONY)

# Dental Health Services, Inc., et al. v. Miller, et al.

# October 11, 2023



**206.287.9066  |  800.846.6989**
1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101
www.buellrealtime.com
email: info@buellrealtime.com



Dental Health Services, Inc., et al. v. Miller, et al.   Theresa Neibert - Vol. I (CONTAINS CONFIDENTIAL - ATTORNEYS' EYES ONLY TESTIMONY)

---

**Page 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DENTAL HEALTH SERVICES,      )
INC., a Washington             )
Corporation, DENTAL HEALTH     )
SERVICES, a California         )
Corporation, and DENTAL        ) No. 2:23-CV-00383-KKE
HEALTH SERVICES AMERICA, a     )
California Corporation,        )
                               )
            Plaintiffs,        )
                               )
      vs.                      )
                               )
TOBY MILLER, an individual,    )
JOSH NACE, an individual,      )
and DOES 1 through 50,         )
inclusive,                     )
                               )
            Defendants.        )

VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION
OF
THERESA NEIBERT
PORTIONS OF THIS TRANSCRIPT HAVE BEEN DESIGNATED
CONFIDENTIAL/ATTORNEYS' EYES ONLY

Taken at 1425 Fourth Avenue

Seattle, Washington

DATE TAKEN:  OCTOBER 11, 2023
REPORTED BY:  SHERRILYN SMITH, CCR# 2097

---

**Page 2**

```
 1                A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFFS:
 4         MATHEW L. HARRINGTON
           Stokes Lawrence, PS
 5         1420 Fifth Avenue
           Suite 3000
 6         Seattle, Washington 98101
           206.626.6000
 7         mathew.harrington@stokeslaw.com
 8   FOR DEFENDANT TOBY MILLER:
 9         JAMES P. SAVITT
           CHRISTOPHER J. LINDEMEIER
10         Savitt Bruce & Willey LLP
           1425 Fourth Avenue
11         Suite 800
           Seattle, Washington 98101
12         206.749.0500
           jsavitt@sbwllp.com
13         clindemeier@sbwllp.com
14
     FOR DEFENDANT JOSH NANCE:
15
     (Via Zoom)   ANNE E. REUBEN
16         Littler Mendelson, P.C.
           600 University Street
17         Suite 3200
           Seattle, Washington 98101
18         206.623.3300
           areuben@littler.com
19
20   THE VIDEOGRAPHER:
21         MICHAEL HEHENKAMP
           Buell Realtime Reporting, LLC
22         1325 Fourth Avenue
           Suite 1840
23         Seattle, Washington 98101
           206.287.9066
24
25              • • • • •
```

---

**Page 3**

```
 1         VIDEOTAPED DEPOSITION OF THERESA NEIBERT
 2                     EXAMINATION INDEX
 3
 4   EXAMINATION BY                      PAGE
 5   Mr. Savitt   . . . . . . . . . . . . .   6
 6   Mr. Harrington . . . . . . . . . . . .  179
 7
 8   MARKED TESTIMONY              PAGE/LINE
 9   Question                        66/18
10   Question                       165/21
11
12                    EXHIBIT INDEX
13   EXHIBITS FOR IDENTIFICATION       PAGE
14    1 Declaration of Theresa Neibert    5
15    2 Instant Message Spreadsheet      76
16    3 Instant Message Spreadsheet      77
         [CONFIDENTIAL]
17
18    4 Instant Message Spreadsheet      83
         [CONFIDENTIAL]
19    5 Instant Message Spreadsheet      85
         [CONFIDENTIAL]
20
21    6 Instant Message Spreadsheet      85
         [CONFIDENTIAL]
22    7 Email String with attachments,   118
         MILLER-000870-879
23
24    8 Email String with attachment,    118
         MILLER-000830-832
25
```

---

**Page 4**

```
 1              EXHIBIT INDEX (Continued)
 2   EXHIBITS FOR IDENTIFICATION          PAGE
 3    9 Email String, MILLER-001746-749    118
 4   10 Email String, MILLER-001456-461    118
 5   11 Email String, MILLER-001475-478,   118
         with spreadsheet attached
 6
 7   12 Email String with attachments,    118
         MILLER-001462-474
 8   13 Email, MILLER-001753               118
 9   14 Email with attachments, MILLER-001480-523  118
10   15 Email String with attachments,    118
         MILLER-001524-726
11
12   16 Email String, MILLER-001750-752    118
13
14   17 Email String, MILLER-001754-757    118
15   18 Email String with attachments,    118
         MILLER-001758-792
16   19 Declaration of Theresa Neibert in Support  132
         of Reply to Emergency Temporary
         Restraining Order
17   20 02/16/23 Letter, MILLER-003018     160
18
19
20
21
22
23             -o0o-
24
25
```

---

1 (Pages 1 to 4)

Dental Health Services, Inc., et al. v. Miller, et al.                   Theresa Neibert - Vol. I (CONTAINS CONFIDENTIAL - ATTORNEYS' EYES ONLY TESTIMONY)

Page 109

1  demanding things back.
2      Q  Did you agree with her?
3          MR. HARRINGTON:  Object to form.
4      A  I -- I thought the whole situation frankly was
5  unfortunate, but I also understand that there's an
6  obligation no matter where you work that you return
7  your assets and that the amount of time that had
8  elapsed where the refusal to return assets was
9  egregious.  So I don't know what the company would
10 have been left with, but...
11 BY MR. SAVITT:
12     Q  With regard to the assets we're talking about,
13 you had mentioned -- you used the plural with
14 Ms. Miller at the time we're talking about, mid
15 February.  But in fact, there's only one asset we're
16 talking about, right?
17     A  In February that's my understanding, was we
18 were down to one, one computer.  I'm not sure what the
19 specific term is on it, if it's a laptop or a -- what
20 it is, I'm -- but I know it was -- I call it a
21 computer.
22     Q  Fair enough.
23     A  Okay.
24     Q  We can call it a computer.
25         But she had had two computers, one of them had

Page 110

1  been returned several months earlier?
2      A  That's -- yeah, that's my understanding.
3      Q  Okay.  And I -- I trust you're aware that
4  the -- the laptop you're talking about, the asset
5  from -- that was outstanding in mid February, you --
6  that's been returned to DHS, you're aware of that?
7      A  Yes.
8      Q  And has DHS done an analysis on that laptop?
9      A  It went to IT, so I don't know what
10 instructions IT was given to follow, given that we're
11 in litigation and other things, so I don't -- I don't
12 know exactly what happened with that.
13     Q  You have no idea what's happened with it or
14 what the analysis shows or anything like that?
15     A  Not that I'm not -- I mean, I'm not -- I'm not
16 entirely aware.  I know it was looked at, but I
17 don't -- I don't recall, because again, I don't --
18 oftentimes don't even understand when they're telling
19 me did X, Y, and Z, I have to have them explain it.
20 But that was -- I understood it was returned and
21 that's where it was left with me.
22     Q  No one has suggested to you that anything on
23 that laptop suggested any additional information had
24 been taken or misused by Ms. Miller?
25     A  Right, that was confirmed to me, yes.

Page 111

1      Q  That that's -- that there was nothing on it
2  that showed any of that?
3      A  They didn't see anything that indicated --
4          MR. HARRINGTON:  Object to form.
5  BY MR. SAVITT:
6      Q  And who was it who confirmed that to you?
7      A  I don't --
8          MR. HARRINGTON:  Object to form.
9      A  I don't recall who confirmed it to me.  There
10 was -- you know, it could have been Krista, it could
11 have been IT, I don't know.
12 BY MR. SAVITT:
13     Q  Do you recall when that was?
14     A  After it was returned is all I remember, at
15 some point.
16     Q  Do you know whether DHS has searched for
17 emails from Ms. Miller to Mr. Nace after his
18 departure?
19     A  After -- after his -- I'm sorry.
20     Q  Mr. Nace departed DHS long before Ms. Miller
21 did?
22     A  Yes.
23     Q  And did DHS do any search of Ms. Miller's
24 email to see whether she had been communicating with
25 Mr. Nace after he had left?

Page 112

1      A  I believe that sort of thing is ongoing.  But
2  I -- I would assume that that was part of what was
3  looked for, but -- I know that there's been ongoing IT
4  looking into documents for multiple reasons, discovery
5  and different things anyway, so I'm -- I -- again, not
6  my direction to do those things so I don't recall
7  exactly.  I would assume so.
8      Q  But has anyone reported to you on the results
9  of any search for emails from Ms. Miller to Mr. Nace?
10     A  Initially the week of February, I know Krista
11 mentioned that there wasn't anything that --
12 concurrent with the documents we were seeing that same
13 last week Ms. Miller worked with us.
14     Q  When you got back the emails that -- well,
15 when you -- when your participation in the -- in the
16 investigation and assessment of Ms. Miller's departure
17 activities ended, when your participation in that
18 ended, in your view was there information sufficient
19 to conclude that Ms. Miller and Mr. Nace were working
20 in concert together?
21         MR. HARRINGTON:  Objection.  Lack of
22 foundation.
23     A  I -- I -- I don't know how to answer that.  At
24 the time what did I -- I mean, you're -- can you reask
25 me the question?  I'm sorry.

28  (Pages 109 to 112)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 12th day of February, 2024 at Seattle, Washington.

_____
Meghan Parker

CERTIFICATE OF SERVICE
2:23-CV-00383-KKE

FENNEMORE CRAIG, P.C.
Attorneys at Law
1425 Fourth Avenue
Suite 800
Seattle, Washington 98101-2272
(206) 749-0500