UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENTAL HEALTH SERVICES INC, et al., <br><br> Plaintiff, <br><br> v. <br><br> TOBY MILLER, et al., <br><br> Defendants. | CASE NO. C23-0383-KKE <br><br> ORDER GRANTING MOTION TO DISMISS DEFENDANT |

This matter comes before the Court on Plaintiffs' motion to dismiss Defendant Toby Miller without prejudice under Federal Rule of Civil Procedure 41(a)(2). Dkt. No. 61. Miller opposed the motion only to the extent that she requests dismissal with prejudice. *See* Dkt. No. 64. The Court heard oral argument on the motion on March 4, 2024. Dkt. No. 75. For the reasons stated below, the Court grants DHS's motion to dismiss, with the modification that the claims against Miller are dismissed with prejudice.

I. BACKGROUND

DHS sued Miller under both the Uniform Trade Secrets Act and the Defend Trade Secrets Act. Dkt. No. 1-2. The day after the suit was removed to this Court, DHS sought a temporary restraining order against all Defendants and moved for expedited discovery. Dkt. Nos. 2, 4. Both requests were denied. Dkt. No. 37. Miller asked DHS to dismiss its complaint against her on

ORDER GRANTING MOTION TO DISMISS DEFENDANT - 1

April 11, 2023, alleging there was no basis for the claims and that they were wrongfully brought. Dkt. No. 51-1 at 2.  DHS did not respond.  Dkt. No. 51 ¶ 2.

On April 19, 2023, Miller served discovery requests, asking DHS to identify the trade secrets and/or confidential information that Miller had allegedly misappropriated.  Dkt. No. 51 ¶ 4. DHS served discovery requests on Miller on June 15, 2023.  *Id.* ¶ 15.  While some limited discovery took place over the months that followed, Miller maintains that DHS never fully identified her allegedly wrongful conduct and unnecessarily delayed in propounding and responding to discovery.  Dkt. No. 64 at 6, 10.  On November 13, 2023, DHS filed a motion to continue the trial and related dates.  Dkt. No. 45.  At the hearing on the motion, the Court observed that "a lot of the delay has been occasioned by the plaintiffs in this matter."  Dkt. No. 63 at 3.  The Court ultimately granted DHS's motion in part, allowing a short extension of the trial date and related deadlines.  Dkt. No. 57.

On January 23, 2024, after DHS retained new counsel, DHS reached out to Miller to ask if she would stipulate to a dismissal without prejudice.  Dkt. No. 65 ¶ 6.  Miller advised DHS that she would stipulate to dismissal "if it were <u>with prejudice</u> and provided that the stipulation was clear that the dismissal is without prejudice to addressing claims for attorneys' fees and that the court retains jurisdiction to address such claims."  Dkt. No. 64 at 9 (citing Dkt. No. 65 ¶ 7).

On January 25, 2024, DHS filed a motion to dismiss Miller without prejudice under Federal Rule of Civil Procedure 41(a)(2).  Dkt. No. 61. On February 29, 2024, DHS and Defendant Josh Nace submitted a stipulation of voluntary dismissal of the action against Nace, in part with and in part without prejudice.[1]  Dkt. No. 74.

---

[1] The dismissal was "without prejudice and without the award of attorneys' fees or costs, except as to the extent DHS's claims against Nace arise from any alleged conduct relating to non-parties Glenn Walker and the United Domestic Workers ('UDW')." Dkt. No. 74 at 1. Those claims were dismissed with prejudice. *Id.* at 2.

ORDER GRANTING MOTION TO DISMISS DEFENDANT - 2

## II. ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) permits an action to be "dismissed at the plaintiff's request" by court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the district court's sound discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Here, Miller does not oppose dismissal of DHS's action against her, but objects to a dismissal without prejudice. Dkt. No. 64 at 3. Miller asks that DHS's motion be granted *with prejudice* so that she can have the prevailing-party status necessary to seek attorney fees. *Id.*

Both the Uniform Trade Secrets Act and the Defend Trade Secrets Act authorize a court to award reasonable attorney fees, but only to the prevailing party. WASH. REV. CODE § 19.108.040 ("If a claim of misappropriation is made in bad faith … the court may award reasonable attorney's fees to the *prevailing party*." (emphasis added)); 18 U.S.C. § 1836(b)(3)(D) ("In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … if a claim of the misappropriation is made in bad faith … award reasonable attorney's fees *to the prevailing party*." (emphasis added)). In the Ninth Circuit, "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009).

Miller has indicated she intends to seek an award of attorney fees upon dismissal of DHS's claims against her, to the extent such claims are dismissed with prejudice. Dkt. No. 64 at 4. DHS argues Miller is not the prevailing party due to DHS's claimed success in the lawsuit, and that regardless, Miller will not be able to demonstrate the "bad faith" required to secure attorney fees under either trade secret statute. Dkt. No. 66 at 4–6, 8–10. At this stage, the Court examines only whether Miller faces "legal prejudice" from losing her ability to seek fees, not the merits of a potential future motion for fees. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1282 (9th Cir.

2023) ("[T]he district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted."). "'[L]egal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 1280 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

The Ninth Circuit has held that parties establish plain legal prejudice if they lose their ability to move for attorney fees due to lacking prevailing party status. *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) ("Without prevailing party status, the Itos were unable to bring their attorney's fees motion under the Civil Asset Forfeiture Reform Act[.] The Itos suffered plain legal prejudice in losing their ability to move for attorney's fees."). District courts have reached the same conclusion. *See Eisen v. Day*, No. 21-cv-05349-VKD, 2023 WL 8813521, at *3 (N.D. Cal. Dec. 19, 2023) (dismissing counterclaim with prejudice because to do so without prejudice would preclude motion for attorney fees under 17 U.S.C. § 505, the Copyright Act); *GDS Indus., Inc. v. Great Am. Ins. Co.*, No. 16-CV-1506-AJB-BLM, 2016 WL 6962866, at *3 (S.D. Cal. Nov. 29, 2016) (dismissing action with prejudice after finding without-prejudice dismissal would constitute legal prejudice to defendant because it would be prevented from bringing fees motion as prevailing party).

DHS urges the Court to distinguish *Ito* on the grounds that the fee-shifting statute at issue in that case was mandatory. Dkt No. 66 at 4. But numerous district courts have also found legal prejudice in foreclosing a potential fee award where the fee-shifting mechanism is discretionary, including in trade secret cases. *See, e.g.*, *Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs. of New England, LLC*, No. CV 18-517 DSF (GJSx), 2021 WL 4520969, at *3 (C.D. Cal. Jan. 4, 2021) (finding legal prejudice in foreclosing a potential fee award under state trade secret statute authorizing a discretionary fee award to prevailing parties); *see also Eisen*, 2023 WL 8813521, at

ORDER GRANTING MOTION TO DISMISS DEFENDANT - 4

\*3 (finding legal prejudice in foreclosing a potential fee award under the Copyright Act); *Breaking Code Silence v. Papciak*, No. 21-cv-00918-BAS-DEB, 2022 WL 3362053, at \*2 (S.D. Cal. Aug. 15, 2022) (applying *Ito* and finding legal prejudice in foreclosing a potential fee award under the Lanham Act).  The Court finds no reason to depart from this authority.

Similarly, the Court is not persuaded by DHS's argument raised at oral argument that finding legal prejudice here will discourage voluntary dismissals in cases involving potential fee shifting or undermine the purpose of Federal Rule of Civil Procedure 41.  Rather, in evaluating whether to dismiss with prejudice, the Court has discretion to consider numerous factors, including "the stage of litigation, the moving party's delay in requesting voluntary dismissal, and indications of forum shopping." *GDS Indus.*, 2016 WL 6962866, at \*1 (citing *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 638 (9th Cir. 2011)).  There may well be instances in which these factors coupled with a speculative intent to seek attorney fees counsel against dismissing with prejudice. *See, e.g.*, *Breaking Code Silence*, 2022 WL 3362053, at \*2 (citing cases where a potential claim to attorney fees was found to be "far too speculative to amount to legal prejudice").  In such an instance, the Court may exercise its discretion and reject a defendant's request.  Such concerns are not present here.

In sum, if the Court grants DHS's motion to dismiss the claims against Miller without prejudice, Miller would lose her ability to seek attorney fees as the prevailing party.  Miller has thus established legal prejudice.  *See Ito*, 472 F. App'x at 842.  Under these circumstances, the Court finds it appropriate to condition the granting of DHS's motion for voluntary dismissal on dismissing the claims against Miller with prejudice.

## III.  CONCLUSION

For the reasons set forth above, DHS's motion (Dkt. No. 61) is GRANTED.  The claims against Toby Miller are DISMISSED WITH PREJUDICE.[2]

Dated this 19th day of March, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

---

[2] The Court retains jurisdiction over any fee motion filed by either party. *See Hous. Works v. Cnty. of Los Angeles*, No. CV 15-8982-GW(RAOx), 2017 WL 11609744, *5 (C.D. Cal. Nov. 13, 2017).

ORDER GRANTING MOTION TO DISMISS DEFENDANT - 6